IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ M. RIVERA-MOLINA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: 20-1032 (ADC)
(Related to Cr. No. 15-162 (ADC))

**REPORT AND RECOMMENDATION**

On September 9, 2015, petitioner José M. Rivera-Molina entered a guilty plea to a count of conspiring to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 860 ("count one"), and a count of possessing a firearm in furtherance of drug trafficking crime, in violation of Title 18, United States Code, Section 924(c) ("count six"). Cr. ECF Nos. 819, 821.[1] On January 8, 2016, the petitioner was sentenced to serve seventy (70) months of imprisonment as to count one and sixty (60) months of imprisonment as to count six to be served consecutively for a total imprisonment term of one hundred thirty (130) months. Cr. ECF No. 1383. Petitioner was also sentenced to serve eight years of supervised release as to count one and five years of supervised release as to count six to be served concurrently to each other. *Id*. Judgment was entered accordingly. Cr. ECF No. 1384.

Pending before the court is a *pro se* motion filed by José M. Rivera-Molina ("Petitioner") seeking to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C.

---

[1] Citations to the civil docket 20-1032 (ADC) in this case will begin with "Cv." whereas citations to the criminal docket 15-162 (ADC) will begin with "Cr."

§ 2255 ("section 2255").  Cv. ECF No. 1.

Petitioner first argues that in *United States v. Davis*, 139 S.Ct. 2319 (2019), the United States Supreme Court invalidated Title 18, United States Code, Section 924(c)'s residual clause definition of "crime of violence." In *Davis*, the Supreme Court held that the definition of "crime of violence" in Section 924(c)(3)(B), namely felonies "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense", is unconstitutionally vague. *Id.* at 2336. The predicate offense in petitioner's case, however, is drug trafficking, not a crime of violence. Consequently, the applicable definition to petitioner's predicate offense is not Section 924(c)(3)(B), but rather Section 924(c)(2). Therefore, petitioner's argument under *Davis* is untenable.

Petitioner, however, invokes *Johnson v. United States*, 135 S.Ct. 2551 (2015), stating Section 924(c)'s residual clause is not significantly different from the residual clause of the Armed Career Criminal Act (ACCA) which the Supreme Court of the United States held to be unconstitutional on due process grounds. Section 924(c)(2), however, does not have a residual clause. Instead, Section 924(c)(2) provides a very specific definition of what constitutes a "drug trafficking crime": "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et. seq.), or chapter 705 of title 46." Hence, petitioner's argument under *Johnson* lacks merit.

Although it appears that the Court of Appeals for the First Circuit has not explicitly addressed the issue at hand, there is precedent that casts doubt on the soundness of the reasoning behind Mr. Rivera-Molina's argument:

> Petitioner … seeks leave to file a second or successive motion under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Supreme Court held that the Armed Career Criminal Act's "residual clause," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. But because petitioner was

2

convicted of possessing a firearm in furtherance of a *drug trafficking crime*, in violation of 18 U.S.C. § 924(c)(1)(A), he has not made a prima facie showing that *Johnson* has any relevance to the facts of his case. The application is denied.

*Perez-Prado v. United States*, No. 16-1611 (*See* 10-309 (GAG), ECF No. 507). *See also United States v. Parnell*, 652 F. App'x 117, 122 (3rd Cir. 2016) (holding that "*Johnson* does not call into question [18 U.S.C. § 924(c)(2)'s] unambiguous definition of 'drug trafficking crime'"); *United States v. Chapman*, 851 F.3d 363, 375 (5th Cir. 2017) (asserting that the "§924(c) convictions are not affected by any alleged infirmity in the risk of force definition of crime of violence because the convictions' predicate offense are not based on his having committed a crime of violence. Rather, they are based on his having committed drug trafficking crimes."); *Navarro v. United States*, 679 F. App'x 973, 974 (11th Cir. 2017) (stating that "we do not reach the question of whether *Johnson* applies to § 924(c)'s residual clause because … [the] § 924(c) conviction was alternatively premised on drug trafficking crimes.")

Finally, Mr. Rivera-Molina claims that Section 403(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (FSA) "demonstrates Congress's intent to apply the Section 924(c) penalty provisions retroactively." Cv. ECF No. 1, at 3. Section 403(a) of the FSA reads as follows: "Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final'". By enacting this amendment to Section 924(c)(1)(C), Congress eliminated the possibility that somebody facing multiple Section 924(c) convictions for various counts under a single indictment would face the enhanced minimum consecutive penalty of 25 years of imprisonment. Now, pursuant to the FSA, only if the defendant has a prior § 924(c) conviction that has become final would a defendant then be facing the enhanced minimum consecutive penalty of 25 years of

imprisonment for a subsequent § 924(c) conviction. Mr. Rivera-Molina, however, was sentenced to sixty months of imprisonment as to count six. In other words, the consecutive term of imprisonment imposed on Mr. Rivera-Molina for his § 924(c) conviction was five years under § 924(c)(1)(A)(i), not the enhanced penalty of twenty-five years pursuant to § 924(c)(1)(C)(i). Therefore, the FSA has no bearing on his circumstances.

For the foregoing reasons, it is hereby recommended that petitioner's section 2255 motion (Cv. ECF No. 1) be DENIED.  The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court.  Failure to file the same within the specified time waives the right to object to this report and recommendation.  Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); *see also* 28 U.S.C. § 636(b)(1); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir. 1994); *United States v. Valencia*, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 21st day of November, 2022.

s/Marcos E. López
U.S. Magistrate Judge